In the Matter of the Application of ROSE S. GELLER, Appellant, for an Order Directing MARK HENRY SCHNEIDER, an Attorney and Counselor at Law, Respondent, to Turn over to Her the Sum of $550 Pursuant to His Agreement.

First Department, June 24, 1931.

*Irving D. Lipkowitz* of counsel [*George W. Israel* with him on the brief], for the appellant.

*Mark Henry Schneider*, respondent, in person.

McAvoy, J.   The petitioner retained the respondent, an attorney, with offices at 15 Park row, New York city, to procure for her a decree of divorce in Mexico, under a formal written retainer, which contains these clauses:

" My dear Mr. SCHNEIDER:

" I hereby retain you to obtain a divorce in my favor against my husband in Nogales, Sonora, Mexico, and for your service I agree to pay the sum of $750.00 as follows:

" $400.00 on the signing of this agreement;

" $150.00 in thirty days;

" Balance when decree is obtained.

" It is understood that the decree obtained will be valid in the State of New York, and should, at any time, within six years after it is obtained, an action be commenced in Nogales, Sonora, or in New York or elsewhere to declare its invalidity, your service shall be to uphold it without any additional fees.

" It is further agreed that the action shall not take longer than four months to complete.

" If for any reason whatsoever the divorce does not go through and no decree obtained the fee shall be returned.   *   *   *."

In reliance upon the representations made by the respondent in this agreement, petitioner at the time of the signing of the same paid to the respondent the sum of $400 and thereafter paid the further sum of $150, as provided therein.

Although the respondent undertook in the said agreement to procure the decree within four months, or by September 11, 1929, he wholly failed to do so either by September 11, 1929, or up to the time this proceeding was commenced, eleven months later.

We think this cause falls within our rulings in the former actions brought against the respondent; and that he is obligated to return the fee received under the contract of retainer.   (*Matter of Weinerman* v. *Schneider*, 232 App. Div. 745; *Matter of Walter* v. *Schneider*, 233 id. 708.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.   Settle order on notice.